## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE
## CIVIL ACTION NO. 3:08CV-425-S

**L. RUTHER**                                                                                      **PLAINTIFF**

**v.**

**STATE KENTUCKY, OFFICERS**                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Plaintiff L. Ruther filed a *pro se* complaint (DN 1) along with an application to proceed without prepayment of fees (DN 2). **IT IS ORDERED** that the application to proceed without prepayment of fees is **GRANTED**. Since Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth herein, the instant action will be dismissed.

**I.**

Plaintiff filed a handwritten complaint on his own paper against "State Kentucky, Officers." Plaintiff's complaint is not a model of clarity. He begins by writing, "Barry Gash, Comm Collect LLC Ky contract 10-25-06 To sell $1,200000 Capital One Bank Debt To I. I No Get Debt Record, Gas Take $59,000." He then advises, "I report to Sheriff [illegible] Ky Atty, Atty Gen. No Do Grand Jury. Damage I $118,000. I ask Ky. Pay 118,000. . . No State stop contact damage . . . Ky stop Grand Jury Trial. Damage to I." According to Plaintiff, Lynch Cox LLC "is Gash Atty No Do Contract Pay I $ Due." Plaintiff, thus, alleges that "Gash is RICO conspires to obstruct steal, launder $ No IRS Report." Plaintiff seeks a trial, mediation, and a court order to "stop pro se title . . . stop trial, damage suiters." He also notes, "I contract court no stop plea to crime."

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory against "State Kentucky, Officers." His mere mention of the RICO statute without any factual allegations in support of such a claim is wholly insufficient to state a viable claim. Additionally, he fails to identify which state officers he is suing or committed any purported wrongdoing against him. He mentions that he reported something to a "Ky Atty, Atty Gen.," and a sheriff, but, even under the most liberal of constructions, the Court cannot discern any cognizable cause of action based on this allegation. Plaintiff fails to place any "State Kentucky, Officers" on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007)), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19

(1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*
4411.005